**\*\*E-filed 11/30/09\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL COOK,

        Plaintiff,

  v.

UNITED STATES OF AMERICA, et al,

        Defendants.
_____/

**No. C  09-2466 RS**

**ORDER GRANTING MOTION TO DISMISS AND DENYING REQUEST FOR ORDER TO SHOW CAUSE.**

## I. INTRODUCTION

This is one of many cases plaintiff Michael Cook, appearing *pro se*, has filed seeking to recover several Supplemental Social Security Income ("SSI") checks that he contends were issued to him, but that he asserts he did not receive or negotiate.[1] The Government moves to dismiss on grounds that Cook has failed to exhaust his administrative remedies, and further requests that an order to show cause issue as to why Cook should not be declared a vexatious litigant. The motion to dismiss will be granted, because Cook's administrative appeal is still pending. There is no basis, however, to declare Cook a vexatious litigant, and no order to show cause will issue.

---

[1] The prior actions include C 06-5950 RS, C 07-5085 RS, C 07-06232 RS, and C 07-06068 RS.  In what appeared to be part of his same overall effort to recover the SSI payments, Cook has also filed complaints seeking to obtain certain medical records.  See, e.g., C 06-1965, C 08-3626 RS, and C 09-2467 RS.  Cases will hereafter be referenced by their final four digits.

1

## II. DISCUSSION

### A. Failure to Exhaust

The Court first addressed these same claims in the 5950 case. That case was dismissed primarily on the grounds that Cook had failed to exhaust his administrative remedies. Apparently at least in part as a result of issues raised in the 5950 case, however, the Social Security Administration ("SSA") issued an amended notice of overpayment on February 27, 2007, that expressly triggered a new administrative appeal period. Cook then initiated a timely administrative appeal in connection with the amended notice. Accordingly, at the time the 5950 case was dismissed, it appeared that Cook would be able to raise his disputes in the course of an administrative appeal, and then, if necessary, file a new action for federal court review of any final administrative decision that he might believe to be erroneous.

Although the record is not entirely clear, it appears that shortly after the 5950 case was dismissed, the SSA informed Cook that it was waiving its right to collect what it contended was an overpayment of $3336.78. That decision was reflected in a letter dated July 27, 2007. The evidence submitted by both sides in these cases made it difficult to determine with certainty what occurred, but it appeared that the SSA initially took the position that Cook had no right to any administrative appeal of the July 27, 2007 decision, because he could not claim to be aggrieved by the SSA's decision to waive the claimed overpayment. As the Court noted in an order issued in the 5950 case, however, the mere fact that the SSA waived what it contended had been an overpayment with respect to certain checks that issued and were negotiated was not a basis to preclude Cook from challenging the finding of the July 27, 2007 decision that he was not entitled to recover six specific checks that were returned to the SSA without having been negotiated.

The SSA ultimately acknowledged that Cook was entitled a hearing before an administrative law judge. Plaintiff was given such a hearing, in which he participated telephonically, on June 24, 2008. The ALJ issued a decision against Cook on July 22, 2008. Cook timely appealed the ALJ's decision to the Appeals Council.

When Cook subsequently filed the pleading that initiated this action,[2] some ten months had elapsed since Cook appealed to the Appeals Council.  It appears that Cook simply failed to understand that his appeal was still pending and had not been decided, either in his favor or against him.  In its motion to dismiss, however, the Government has established that the Cook's appeal in fact was still pending before the Appeals Council, and that the typical processing time for such appeals is nearly two years.   The Government advised that a decision in Cook's appeal might be rendered as early as November 1, 2009.[3]

Accordingly, when this action began, Cook had not exhausted his administrative remedies.  Therefore, the Court lacks jurisdiction and this action must be dismissed.  Cook is advised that when he receives the decision of the Appeals Council, if he is dissatisfied with that decision, he may seek to have it reviewed by the Court under the rules that govern court review of administrative decisions.  Except for seeking Court review of the Appeals Council decision, Cook should not file any further separate actions in this Court or in state court regarding the SSI checks.

The prior order directing Cook to make his filings solely under the 5085 case number is vacated.  When and if Cook seeks court review of the Appeals Council decision, that may be opened as a new case.

B. <u>Vexatious litigant</u>

Despite the burdens that his numerous and sometimes misguided filings have imposed on the Court and defendant, Cook has in fact been successful in obtaining a recalculation of his account and in having been given administrative due process.  Furthermore, as noted above, this case was opened as a separate matter through no fault of Cook.  Additionally, although Cook was incorrect in believing that the administrative proceedings had been completed, it is understandable that he so

---

[2]  Complying with with a prior Court order, Cook attempted to file the present matter merely as a further pleading in Case No, 07-5085 RS; it was opened as a new matter by the Clerk's office, not by Cook's choice.

[3] The Government has not advised the Court whether that occurred, or if it did not, when it now anticipates a decision will issue.

believed, given the passage of time since he filed his appeal. Under these circumstances, there is no basis to declare Cook a vexatious litigant.

## IV. CONCLUSION

The motion to dismiss is granted. The Clerk shall close this file.

IT IS SO ORDERED.

Dated: November 30, 2009

_____
RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

4

No. C 09-2466 RS
ORDER

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED\* TO:**

James A. Scharf    james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**AND A HARD COPY OF THIS ORDER WAS MAILED TO:**

Michael Cook
T-79529
D2-209
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960-1050

DATED:   November 30, 2009

/s/ Chambers Staff

Chambers of Magistrate Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5

NO. C 09-2466 RS
ORDER